## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| LEO L. SOTO et al., | ) |
| Plaintiffs, | ) |
| | ) 3:11-cv-00693-RCJ-VPC |
| vs. | ) |
| COUNTRYWIDE HOME LOANS, INC. et al., | ) **ORDER** |
| Defendants. | ) |

This is a standard foreclosure case involving one property and listing three causes of action: (1) Wrongful Foreclosure; (2) Declaratory Relief; and (3) Injunctive Relief. The case is not part of Case No. 2:09-md-02119-JAT in the District of Arizona but appears eligible for transfer. Pending before the Court are three motions to dismiss and a motion to remand. For the reasons given herein, the Court denies the motion to remand and grants the motions to dismiss.

**I.    THE PROPERTY**

Leo L. and Guillerma J. Soto gave Countrywide Home Loans, Inc. ("Countrywide") a $175,000 promissory note (the "Note") to purchase property at 2460 E. 9th St., Reno, NV 89512 (the "Property"). (*See* Deed of Trust ("DOT") 1–4, Mar. 12, 2007, ECF No. 3-1, at 6). Recontrust Co., N.A. was the trustee, and Mortgage Electronic Registration Systems, Inc. ("MERS") was the lender's "nominee." (*See id.*). MERS assigned the Note and DOT to BAC Home Loans Servicing, LP ("BAC"). (*See* Assignment, May 19, 2010, ECF No. 3-1, at 24). BAC substituted MTC Financial, Inc. d.b.a. Trustee Corps ("Trustee Corps") as trustee. (*See* Substitution, May 20, 2010, ECF No. 3-1, at 29). Lawyers Title Co. filed the notice of default

("NOD") as an agent for Trustee Corps based on a default of unspecified amount. (*See* NOD, May 21, 2010, ECF No. 3-1, at 26). The foreclosure therefore appears to have been proper. *See* Nev. Rev. Stat. § 107.080(2)(c). Trustee Corps noticed a trustee's sale for September 20, 2011. (*See* Notice of Sale ("NOS"), Aug. 23, 2011, ECF No. 3-1, at 30). The state Foreclosure Mediation Program does not apply to the Property. (FMP Certificate, June 8, 2011, ECF No. 3-1, at 32).

## II.   ANALYSIS

The foreclosure was statutorily proper. The claims for injunctive and declaratory relief therefore fail. Plaintiffs have also moved to remand. Plaintiffs correctly note that no federal claim is pled, so Defendants must rely on diversity jurisdiction to support removal. Plaintiffs argue that Defendants are not completely diverse from Plaintiffs because Lawyers Title of Nevada, Inc. is a Nevada corporation, and Plaintiffs are Nevada citizens. The public records indicate that the original trustee was Recontrust, and, more importantly in a wrongful foreclosure case, that the foreclosing trustee was Trustee Corps, which had been properly substituted. Plaintiffs argue that the person who signed the NOD, Matt Johnson, claimed to be signing on behalf of both Trustee Corps and Lawyers Title of Nevada, Inc. But so long as he was the agent of the proper party, the fact of additional agency is irrelevant. Mr. Johnson appears to have signed on behalf of "Lawyers Title Company" as an agent for Trustee Corps. There is a Nevada corporation called "Lawyers Title of Nevada, Inc." *See* Business Entity Search (Nov. 1, 2011, 7:54 AM), http://nvsos.gov/sosentitysearch/CorpSearch.aspx. Lawyers Title of Nevada, Inc. has appeared in the case and does not appear to dispute its involvement in the foreclosure through Mr. Johnson, its agent. However, it is clear that under state law there is no valid claim against this Defendant. Plaintiffs also argue that the jurisdictional prerequisite is not satisfied because Plaintiffs seek no money judgment but only to avoid a foreclosure. But it is well settled that the value of such a lawsuit for the purposes of diversity jurisdiction is the value of the secured

1  property. This is because a person in default on a promissory note who challenges the ability of
2  the creditor to foreclose under a deed of trust has created a dispute over ownership of the secured
3  property or the right to sell it. The market value of the secured property at the time of removal
4  therefore controls. Here, although the Property is no longer worth what is owed on the
5  promissory note, the market value of the Property plus damages and attorneys fees requested by
6  Plaintiffs is surely more than $75,000.

7  Plaintiffs also argue that removal was improper because all Defendants did not join in
8  removal. But all Defendants timely filed notices of their consent to removal. All Defendants
9  must join in removal within thirty days of service upon the first non-fraudulently joined
10 Defendant. *United Computer Sys., Inc. v. AT&T Corp.*, 298 F.3d 756, 762–63 (9th Cir. 2002).
11 Trustee Corps alleges in the statement of removal that it was not properly served but received a
12 copy of the Complaint on September 19, 2011. All Defendants have filed joinders to removal,
13 the latest of which was filed on October 13, 2011 by Lawyers Title of Nevada, Inc. So even
14 assuming Trustee Corps had been properly served on September 19, 2011, the joinder of all
15 Defendants in the removal was manifested by written consent in the record within thirty days,
16 and there is no defect under 28 U.S.C. § 1446(b).

## CONCLUSION

17
18   IT IS HEREBY ORDERED that the Motion to Remand (ECF No. 18) is DENIED.
19   IT IS FURTHER ORDERED that the Motions to Dismiss (ECF Nos. 3, 9, 12) are
20 GRANTED.
21   IT IS FURTHER ORDERED that the Clerk shall enter judgment and close the case.
22   IT IS SO ORDERED.
23   Dated this 6th day of December, 2011.
24                                          _____
                                               ROBERT C. JONES
25                                           United States District Judge